UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONTE GIBSON,

    Plaintiff,

v.

MARK ZUCKERBERG, et al.,

    Defendants.

Case No. 1:25-cv-290

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On May 9, 2025, Defendant filed a motion to dismiss this case for failure to state a claim and, alternatively, for lack of federal jurisdiction. When Plaintiff failed to timely respond to the Defendant's motion, the Court issued an Order to Show Cause, requiring Plaintiff to "**SHOW CAUSE**, in writing on or before July 3, 2025, why Defendant Mark Zuckerberg's Motion to Dismiss … should not be construed as unopposed and granted for the reasons stated." (Doc. 5, PageID 87.) The Order expressly warned Plaintiff that his "[f]ailure to timely comply with this Order will result in the pending motion being granted as unopposed for the reasons stated therein." (*Id.*, PageID 87-88).

For the reasons that follow, the undersigned now recommends that the complaint be dismissed.

**I.    Background**

Plaintiff Donte Gibson initiated this pro se lawsuit in the Hamilton County Court of Common Pleas against Defendants Mark Zuckerberg and Paul Greene. Case No. A-2501578. On May 2, 2025, Defendant Zuckerberg paid the requisite filing fee and timely

removed the state court action to this Court on the basis of both federal question and diversity jurisdiction based on the allegations of the complaint.[1] (Doc. 1.)

On the standard federal complaint form utilized by Plaintiff in this case, he asserts the existence of federal question jurisdiction based on violations of the Fourth and Eighth Amendment and a variety of federal criminal statutes. (Doc. 2, PageID 28.) He asserts "[m]illionz" as the amount in controversy, alleging that he is a citizen of both "Ohio/Kentucky" and that Defendants are citizens of California and Kentucky. For the entirety of his "Statement of Claim," Plaintiff alleges: "Hacking and letting documents be hack, like family numbers and friends number'z [sic], facebook and bank accounts and pictures stolen and government Social Security." (Doc. 2, PageID 29.)

Defendant's motion to dismiss primarily relies on res judicata or claim preclusion, because this Court previously dismissed with prejudice a substantially identical federal complaint filed by the same Plaintiff against the very same two Defendants. *See Gibson v. Zuckerberg*, No. 1:25-cv-211-MWM-KLL. The prior federal case was initiated *in forma pauperis* by Plaintiff on April 3, 2025. Upon initial screening under 28 U.S.C. §1915(e)(2)(B), U.S. Magistrate Judge Litkovitz recommended dismissal with prejudice for failure to state a claim. (Doc. 4.) U.S. District Judge McFarland adopted her Report and Recommendation ("R&R") and entered judgment on May 9, 2025. (Docs. 5, 6.) The Court subsequently denied Plaintiff's motion for reconsideration of the dismissal. (*See* Docs. 9, 10.)

---

[1] Plaintiff filed his complaint on a standard federal complaint form used by pro se litigants and expressly asserted federal question jurisdiction based on alleged violations of his Fourth and Eighth Amendment rights, as well as a variety of federal criminal statutes. (Doc. 1, PageID 28.) Although Defendant Greene did not join in the Notice of Removal, it appears that he has not been properly served. (Doc. 1, PageID 7.)

2

In addition to the case cited by Defendant, the undersigned takes judicial notice that Plaintiff also initiated *Gibson v. Blythe*, et al., No. 1:25-cv-210-MWM-SKB on April 3, 2025. Consistent with Judge Litkovitz's analysis in the case referred to her, the undersigned recommended sua sponte dismissal with prejudice of *Gibson v. Blythe* for failure to state a claim. (*Id.*, Doc. 4.) In the R&R filed on April 8, 2025, the undersigned pointed out the striking similarities between Plaintiff's allegations in No. 1:25-cv-210-MWM-SKB and No. 1:25-cv-211-MWM-KLL, notwithstanding the lack of any overlap with respect to the named defendants. (*See id.*, Doc. 4.)

**II. Analysis of Defendant's Motion to Dismiss**

In Defendant's motion to dismiss, he primarily argues that res judicata precludes Plaintiff from relitigating his claims in this case, based on the identity of claims and defendants in No. 1:25-cv-211-MWM-KLL. But it is not entirely clear that the doctrine of res judicata, strictly speaking, would apply. Plaintiff signed the complaint form in this case on March 27, 2025 and filed it in state court on March 28, 2025. He did not file his federal case in No. 1:25-cv-211-MWM-KLL until the following week, on April 3, 2025. So technically, the instant case was not barred by the doctrine of res judicata at the time it was filed – at least as that doctrine is traditionally applied.

On the other hand, Defendant also argues that Plaintiff's "vague and unintelligible allegations fail to give Defendant Zuckerberg fair notice of the claims asserted against him, fail to state a claim upon which any relief can be granted, and fail to explain the basis for the Court's jurisdiction." (Doc. 3, PageID 34.) Last, Defendant Zuckerberg argues that this Court lacks personal jurisdiction over him. The second identified Defendant, Paul Greene, has never appeared but appears not to have been properly served. Federal Rule

3

Civ. P. 4(m) requires service on all defendants within 90 days, a time period that has now passed.

The undersigned now recommends granting Defendant's unopposed motion to dismiss under Rule 12(b)(6) based on Plaintiff's failure to state any plausible claim as a matter of law under Rule 8(a). In reaching that conclusion, the undersigned adopts the same analysis previously stated in the R&R filed in No. 1:25-cv-210-MWM-SKB, which similarly concluded that Plaintiff had failed to state any viable claim under federal law:

> On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible claim against any of the individual defendants. Other than listing the defendants in the caption, none of the allegations identify any personal action undertaken by any specific defendant. In fact, the complaint does not even identify a time frame during which the alleged events took place.

(*Id*., Doc. 4, PageID 47-48.)

At a minimum, the applicable civil rights statute, 42 U.S.C. §1983, requires Plaintiff to allege sufficient facts to show that each defendant, while operating under the color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); see *Sumpter v. Wayne County*, 868 F.3d 473, 494 (6th Cir. 2017). Here, the only two identified Defendants appear to be private individuals rather than state actors, and there are no allegations that would suggest that either operated under color of state law. In addition, although Plaintiff appears to be seeking redress for violations of a host of asserted federal and constitutional rights, his allegations consist of nothing more than conclusory and implausible accusations that the defendants collectively "unlawfully-harmed-me." Such general accusations do not withstand analysis under the minimal pleading standards

4

established by *Iqbal* and *Twombly*. Therefore, Plaintiff fails to state any viable claim under federal law.

### III.  Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against any defendant. Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 3) be **GRANTED** with this case to be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DONTE GIBSON, | Case No. 1:25-cv-290 |
| Plaintiff, | Hopkins, J.<br>Bowman, M.J. |
| v. | |
| MARK ZUCKERBERG, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).